UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CASEY JOHN CAMERON,

Petitioner,

v. Case No. 26-cv-1224-bhl

TROY SMITH,

Respondent.

**ORDER**

On July 10, 2026, Petitioner Casey John Cameron, a state prisoner currently incarcerated at Dodge Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, (ECF No. 1), and filed a motion to proceed without prepayment of the filing fee, or *in forma pauperis*. (ECF No. 2.) Because Cameron's filings showed that he was able to pay the $5.00 filing fee, the Court denied his motion to proceed IFP. (ECF No. 6.) On August 17, 2026, Cameron paid the filing fee.

Under Rule 4 of the Rules Governing §2254 Cases, the Court must screen Cameron's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court. Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## BACKGROUND

According to the criminal complaint, on October 14, 2019, Cameron robbed a bar at gunpoint.[1] *State v. Cameron*, No. 22AP1989-CR, 2024 WL 5220567, at *1 (Wis. Ct. App. Dec. 26, 2024). While committing the robbery, he shot and killed a customer of the bar who was trying to leave. *Id.* The murder victim struggled with Cameron before he was shot. *Id.* Five other customers were inside the bar, and several spoke to police and provided descriptions of the incident and robber. *Id.* Police identified Cameron as a suspect because he shared physical characteristics with the robber, was married to an employee of the bar, had scratches over his eye (as the robber was expected to have), and had a roommate whose vehicle matched the description of the robber's getaway car. *Id.* An officer followed Cameron while he was driving and collected a cigarette Cameron threw from the car, recovering DNA that ultimately matched both a sample found on a bandana left at the scene by the robber, and another sample taken from under the murder victim's fingernails. *Id.*

The state initially charged Cameron with three felonies—first-degree intentional homicide, armed robbery, and first-degree recklessly endangering safety—but failed to file an information within thirty days of the December 9, 2019 preliminary hearing as required by Wis. Stat. §971.01(2). *Id.* Cameron filed a motion to dismiss the case on January 10, 2020, and the prosecutor responded by emailing Cameron's counsel to ask if she would withdraw the motion, noting that the state would simply dismiss the case and refile with additional charges if the motion was not withdrawn. *Id.* After a back and forth between counsel, Cameron did not withdraw the motion, the state dismissed the original case and then filed a new criminal complaint charging four additional felony counts of first-degree recklessly endangering safety. *Id.*

Cameron later pleaded no contest to a reduced charge of felony murder and six counts of first-degree recklessly endangering safety. *Id.* at *2. He appealed, arguing the state violated his due process rights by engaging in prosecutorial vindictiveness and that his counsel was ineffective; this motion was denied by the circuit court, and later affirmed on different grounds by the Wisconsin Court of Appeals. *Id.* at *2. The Court of Appeals held that Cameron gave up his right to appeal this issue by entering a no contest plea. *Id.*[2] The Court of Appeals also rejected

---

[1] The Court of Appeals decision relies on the facts described in the criminal complaint charging Cameron. *Cameron*, 2024 WL 5220567 at *1.

[2] The Court of Appeals noted it would also affirm on the basis that adding additional charges was not vindictive prosecution. *Id.* at *4.

Cameron's ineffective assistance of counsel claim and request for a *Machner* hearing based on his trial counsel's failure to file a motion to dismiss the case prior to his plea. *Id.* at *3. The Wisconsin Supreme Court denied his petition for review on April 10, 2025. (ECF No. 1 at 3.) Cameron did not seek postconviction relief aside from his direct appeal. (*Id.* at 4.)

Cameron's petition asserts three grounds for habeas relief: (1) ineffective assistance of his "pre-trial counsel" for not pursuing a motion to dismiss based on prosecutorial vindictiveness, (2) vindictive prosecution, and (3) ineffective assistance of appellate counsel for "failing to properly pursue a claim of ineffective assistance of trial counsel." (ECF No. 1 at 6–8.)

**ANALYSIS**

A federal court may not address the merits of a petition for writ of habeas corpus "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). If the petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *see also Rose v. Lundy*, 455 U.S. 509, 510 (1982). A petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990).

Cameron's first two claims—ineffective assistance of counsel for not pursuing a motion to dismiss, and vindictive prosecution—were presented to the state court for review, but his ineffective assistance of appellate counsel claim was not. *Cameron*, 2024 WL 5220567; (ECF No. 1 at 6–8.) This makes his petition a "mixed petition." A federal district court "may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (citing *Rose*, 455 U.S. 509). If dismissal would essentially bar a future habeas case because of the statute of limitations, the case may be stayed to provide the petitioner the opportunity to exhaust the remaining claim. *Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000), *overruled on other grounds by Artuz v. Benett*, 531 U.S. 4 (2000).

In this case, dismissing Cameron's petition will effectively preclude him from later filing a timely petition, because he filed his petition on the last possible day to do so. *See Rhines*, 544 U.S. at 275. Under 28 U.S.C. §2244(d)(1)(A), a petitioner must seek habeas relief within one year of his conviction becoming final. Cameron's conviction became final on July 9, 2025, ninety days

after the Wisconsin Supreme Court denied his petition for review. He signed his petition on July 9, 2026, although it was ultimately docketed on July 10, 2026. (ECF No. 1 at 12.) In the requested relief section of the local form, Cameron asks the Court to stay his federal proceedings while he pursues his unexhausted state court remedies on his ineffective assistance of appellate counsel claim. (*Id.*)

Stay and abeyance of an unexhausted claim should be available only in limited circumstances. *Rhines*, 544 U.S. at 277. A stay and abeyance should only be granted "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and even then, only if the unexhausted claims are not "plainly meritless." *Id.*

But there is another problem; Cameron asserts that his appellate counsel was ineffective for failing to pursue a claim of ineffective assistance of trial counsel but does not describe the basis of this claim, i.e. what his trial counsel allegedly did or failed to do that constituted ineffective assistance of counsel that was not already presented on appeal. (ECF No. 1 at 8.) His appellate counsel did raise an ineffective assistance of trial counsel claim on appeal, and the Court of Appeals decision addressed his request for a *Machner* hearing. (*Id.* at 6); *Cameron*, 2024 WL 5220567, at *3. From the petition, the Court cannot determine whether there was good cause for Cameron's failure to exhaust his ineffective assistance of appellate counsel claim in state court, or what the basis of that claim is.

In this situation, Cameron has two options, he may either move to stay this case while he pursues his unexhausted claim in state court or abandon his unexhausted claim and proceed with only his exhausted claims. He must advise the Court as to which option he wishes to pursue within 30 days of the date of this order. Should he fail to respond, the petition will be dismissed as a mixed petition. If he moves to stay this case and pursue his unexhausted claim in state court, he should explain why good cause exists for his failure to exhaust his ineffective assistance of appellate counsel claim, and more fully describe the factual basis for this claim.

Accordingly,

**IT IS ORDERED** that Cameron shall have **thirty (30) days** following the filing of this Order to (1) advise the Court that he wishes to abandon any claim he has not exhausted and proceed in this case with his exhausted claims; or (2) move to have the case stayed while he pursues his unexhausted claim of ineffective assistance of appellate counsel in state court.

Dated at Milwaukee, Wisconsin on September 4, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge