UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CASEY JOHN CAMERON,

Petitioner,

v. Case No. 26-cv-1224-bhl

TROY SMITH,

Respondent.

---

**ORDER DENYING PETITIONER'S MOTION TO STAY AND DISMISSING PETITION**

---

On July 10, 2026, Petitioner Casey John Cameron, a state prisoner currently incarcerated at Dodge Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (ECF Nos. 1 & 2.) The Court explained that Cameron had filed a "mixed petition," one containing both exhausted and unexhausted claims, and that the Court could not adjudicate it. (ECF No. 7 at 3 (citing *Rhines v. Weber*, 544 U.S. 269, 273 (2005).) Because Cameron filed his petition on the last possible day to do so before the applicable one-year statute of limitations expired, 28 U.S.C. §2244(d)(1)(A), dismissing it would have effectively precluded him from later filing a timely petition. The Court therefore instructed Cameron to either move to stay this case while he pursued his unexhausted claims in state court (and show good cause for his failure to do so already) or abandon the unexhausted claims and proceed on only his exhausted claims. (ECF No. 7 at 4.) On September 23, 2026, Cameron requested the Court stay his case. (ECF No. 8.) Respondent opposes his motion. (ECF No. 10.)

Because Cameron has not shown good cause for his failure to exhaust his claim, the Court will deny his motion to stay this case. Based on a more complete review of his petition, it is also clear that he is plainly not entitled to relief based on his exhausted claims. Accordingly, the Court will dismiss his petition. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts; *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## BACKGROUND

According to the criminal complaint, on October 14, 2019, Cameron robbed a bar at gunpoint.[1] *State v. Cameron*, No. 2022AP1989-CR, 2024 WL 5220567, at *1 (Wis. Ct. App. Dec. 26, 2024). While committing the robbery, he shot and killed a customer of the bar. *Id.* The murder victim struggled with Cameron before he was shot. *Id.* Five other customers were inside the bar, and several spoke to police and provided descriptions of the incident and robber. *Id.* Police identified Cameron as a suspect because he shared physical characteristics with the robber, was married to an employee of the bar, had scratches over his eye (as the robber was expected to have), and had a roommate whose vehicle matched the description of the robber's getaway car. *Id.* An officer followed Cameron while he was driving and collected a cigarette Cameron threw from the car, recovering DNA that ultimately matched two samples collected at the scene, one from a bandana left at the scene by the robber, and one from under the murder victim's fingernails. *Id.*

The state initially charged Cameron with three felonies—first-degree intentional homicide, armed robbery, and first-degree recklessly endangering safety—but failed to file an information within thirty days of the December 9, 2019 preliminary hearing as required by Wis. Stat. §971.01(2). *Id.* Cameron filed a motion to dismiss the case on January 10, 2020, and the prosecutor responded by emailing Cameron's counsel to ask if she would withdraw the motion, noting that the state would simply dismiss the case and refile with additional charges if the motion was not withdrawn. *Id.* After a back and forth between counsel, Cameron did not withdraw the motion, the state dismissed the original case and then filed a new criminal complaint charging four additional felony counts of first-degree recklessly endangering safety. *Id.*

Cameron ultimately pleaded no contest to a reduced charge of felony murder and six counts of first-degree recklessly endangering safety. *Id.* at *2. He then sought post-conviction relief, arguing the state violated his due process rights by engaging in prosecutorial vindictiveness and that his counsel was ineffective. *Id.* at *2. His motion was denied by the circuit court and later affirmed on different grounds by the Wisconsin Court of Appeals. *Id.* The Court of Appeals held that Cameron gave up his right to raise prosecutorial vindictiveness by entering a no contest plea but also noted it would affirm on the basis that adding additional charges was not vindictive

---

[1] The Court of Appeals decision relies on the facts described in the criminal complaint charging Cameron. *Cameron*, 2024 WL 5220567, at *1. As noted elsewhere, Cameron entered a no contest plea.

prosecution. *Id.* at *4. It also rejected an ineffective assistance of counsel claim that was based on Cameron's complaint that his trial counsel should have filed a motion to dismiss the case prior to his plea, and rejected his request for a *Machner* evidentiary hearing because his pleading was "totally conclusory" and did not contain enough facts to warrant granting an evidentiary hearing. *Id.* at *3. The Wisconsin Supreme Court denied his petition for review on April 10, 2025. (ECF No. 1 at 3.) Cameron did not seek postconviction relief aside from his direct appeal. (*Id.* at 4.)

Cameron's petition asserts three grounds for habeas relief: (1) ineffective assistance of his "pre-trial counsel" for not pursuing a motion to dismiss based on prosecutorial vindictiveness, (2) vindictive prosecution, and (3) ineffective assistance of appellate counsel for "failing to properly pursue a claim of ineffective assistance of trial counsel." (*Id.* at 6–8.) His first two claims were presented to the state court for review and therefore can be raised on habeas. *Cameron*, 2024 WL 5220567; (ECF No. 1 at 6–8.) His ineffective assistance of appellate counsel claim was not, however.

In response to the Court's first Order, Cameron requested a stay to exhaust his ineffective assistance of appellate counsel claim. (ECF No. 8.) He also described more fully the basis of this claim. He believes that his trial counsel should have argued "imperfect self defense . . .during pretrial and trial which would have offered a mitigating defense to the initial charges against him." (*Id.* at 1.) He asserts this would have "changed the landscape of the initial charges and moving forward with the same would have resulted in [his] assertion of his right to trial." (*Id.*) He also argues that "post-conviction counsel should have pursued an argument of judicial misconduct" against the judge who presided over his criminal case and post-conviction proceedings. (*Id.*) The basis he alleges for this putative claim is that the state court judge "emphasized" a statement or facts during his sentencing, or insufficiently "fact check[ed]" facts introduced during his sentencing. (*Id.*) With respect to his failure to exhaust these claims, Cameron states that he only became aware of these issues "during the course of his own study" over the last year and that his "requests to pursue these issues through his appellate counsel were met with the disinterest so often associated with appointed public defender counsel." (*Id.*)

**ANALYSIS**

Cameron has not shown good cause for failing to exhaust his unexhausted claim. His motion to stay these proceedings must therefore be denied. Moreover, as he is plainly not entitled

to relief on the claims he has exhausted, those claims will be dismissed at screening pursuant to Rule 4.

## I. Cameron Has Not Shown Good Cause For His Failure to Exhaust His Third Claim, and His Motion to Stay Is Denied.

Under federal habeas procedure, a stay and abeyance is only available when the district court determines there was good cause for the petitioner's failure to exhaust his claim first in state court. *Rhines*, 544 U.S. at 277. Even if a petitioner shows good cause for his failure, the district court may not grant a stay if the unexhausted claim is plainly meritless. *Id.* The Supreme Court has noted that a petitioner could show good cause by identifying "some objective factor external to the defense" which precluded the petitioner's ability to bring his claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003). A *pro se* petitioner's lack of legal knowledge does not establish good cause. *See Yeoman v. Pollard*, 875 F.3d 832, 838 (7th Cir. 2017) (noting that allowing circumstances common to effectively all *pro se* prisoners, like a lack of legal knowledge, to establish good cause would undermine *Rhines* and AEDPA's purpose); *Eison v. Baenen*, No. 12-cv-932, 2014 WL1329902, at *1 (E.D. Wis. Mar. 28, 2014); *see also Harris*, 334 F.3d at 668–69; *see also Henderson v. Cohn*, 919 F.2d 1270, 1272–73 (7th Cir. 1990).

Cameron has not shown good cause for his failure to exhaust his procedurally defaulted claims. He notes that he only became aware, through his own study, of the legal basis of his putative ineffective assistance of appellate counsel claim during the last year. (ECF No. 8 at 1.) This is not an objective factor external to his defense. As the Seventh Circuit noted in *Yeoman*, a lack of legal knowledge, a circumstance shared by effectively all *pro se* prisoners, does not constitute good cause for a failure to bring a claim in state court. 875 F.3d at 838. Cameron's motion to stay these proceedings to pursue his ineffective assistance of counsel claim in state court will therefore be denied. Normally, a district court in this situation would allow the petitioner a chance to dismiss the unexhausted claim, rather than dismissing the whole petition as a mixed petition. *Eison*, WL1329902, at *2. But, as discussed below, as Cameron is plainly not entitled to relief on his other claims, the Court will simply dismiss the entire petition at screening.

## II. Cameron's Other Claims Will Be Dismissed at Screening.

Cameron's remaining claims are based on: (1) ineffective assistance of his "pre-trial counsel" for not pursuing a motion to dismiss based on prosecutorial vindictiveness, and (2)

vindictive prosecution. (ECF No. 1 at 6–7.) In his response to Cameron's motion to stay, Respondent also argues that these two claims plainly fail as a matter of law and should be dismissed at screening. (ECF No. 10.) The Court agrees.

**A. Cameron's First Claim, for Ineffective Assistance of Counsel, was Rejected by the Wisconsin Court of Appeals on Procedural Grounds and was Procedurally Defaulted.**

If a state court has rejected a petitioner's claim based on an adequate and independent state procedural ground, then the claim has been procedurally defaulted, and a federal district court cannot hear it as a habeas claim. *Harris v. Reed*, 489 U.S. 255, 260–62 (1989). In *Harris*, the Supreme Court clarified the adequate and independent state ground doctrine's application to habeas claims, holding that "a federal claimant's procedural default precludes federal habeas review, like direct review, only if the last state court rendering a judgment in the case rests its judgment on the procedural default." *Id.* at 262. The state court must clearly express its reliance on an adequate and independent state law ground to preclude a federal court from hearing the claim. *Id.* at 263 (citing *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)). An independent state ground exists "when the court actually relied on the procedural bar as an independent basis for its disposition of the case." *Thompkins v. Pfister,* 698 F.3d 976, 986 (7th Cir. 2012). "A state law ground is adequate when it is a firmly established and regularly followed state practice at the time it is applied." *Id.* (citing *Kaczmarek v. Rednour,* 627 F.3d 586, 592 (7th Cir. 2010)).

Respondent argues that the Wisconsin Court of Appeals invoked the procedural rule set out in *State v. Allen*, 682 N.W.2d 433 (Wis. Ct. App. 2004), requiring that postconviction claims must be sufficiently plead to establish the basis of the claim, to deny Cameron's claim. (ECF No. 10 at 3.) The Court agrees, and therefore necessarily concludes that this claim is procedurally defaulted.

The state law procedural rule in *State v. Allen* concerns whether a Wisconsin postconviction petitioner is entitled to an evidentiary hearing. Under this rule, a petitioner who offers nothing more than conclusory allegations, and fails to provide "sufficient material facts" that, if true, would entitle him to relief, cannot obtain relief. 682 N.W.2d at 436. In *Lee v. Foster*, 750 F.3d 687, 693–94 (7th Cir. 2014), the Seventh Circuit held that *Allen*'s pleading requirements are an adequate and independent state procedural ground for purposes of federal habeas law. This means that when the last state court rendering a judgment on a claim based its judgment on the *Allen* pleading requirements and denied the petitioner an evidentiary hearing on an ineffective

assistance of counsel claim for that reason, the claim is procedurally defaulted, and a federal district court may not hear it on habeas review. *Id.* at 694. A habeas petitioner can only excuse a procedural default if he can show cause and prejudice, or that a miscarriage of justice would result if his claim were not entertained on the merits. *Perruquet v. Briley*, 390 F.3d 505, 514–15 (7th Cir. 2004).

In this case, Cameron requested an evidentiary hearing on his ineffective assistance of counsel claim in his postconviction motion and then renewed that request before the Wisconsin Court of Appeals. *Cameron*, 2024 WL 5220567 at *3 (Wis. Ct. App. Dec. 26, 2024). The Wisconsin Court of Appeals found he fell "far short of his burden to show both the deficient performance and resulting prejudice to him necessary to merit granting a hearing[.]" *Id.* That court remarked that Cameron's argument on prejudice was "totally conclusory, amounting to little more than" a statement that there was a "reasonable probability" the case would have reached a different outcome had counsel filed a motion to dismiss before his plea was taken. *Id.* The Court further noted that "[i]f a postconviction 'motion does not raise facts sufficient to entitle the defendant to relief, or if it presents only conclusory allegations,'" the motion can be denied without a hearing. *Id.* (citing *State v. Ruffin*, 974 N.W.2d 432 (Wis. 2022)). This reasoning invokes the pleading requirements to receive an evidentiary hearing outlined in *Allen*. As the Seventh Circuit made clear in *Foster*, this is an adequate and independent state procedural ground, which renders Cameron's first claim procedurally defaulted. Cameron cannot show cause and prejudice for this default, as no external impediment blocked him from asserting his claim in state court, he merely pleaded it insufficiently. *See Perruquet*, 390 F.3d at 514–15. The Court therefore may not hear this claim.

### B. Cameron's Second Claim, for Prosecutorial Vindictiveness, is Barred by the Guilty-Plea Waiver Rule.

A petitioner who pleads guilty on the advice of counsel cannot raise independent claims in a habeas petition relating to the deprivation of his constitutional rights that occurred before the entry of the guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Gomez v. Berge*, 434 F.3d 940, 942–43 (7th Cir. 2006). A petitioner *may* raise a claim based on ineffective assistance of counsel with regards to the advice to take the plea. *Tollett*, 411 U.S. at 267. But the guilty plea represents a break in the chain of events as to other constitutional violations. *Id.* A no contest plea invokes the same waiver principle. *Gomez*, 434 F.3d at 942–43. Because Cameron pleaded no

contest, his habeas claims are limited to attacks on the state court's jurisdiction and the voluntariness of his plea. *United States v. Broce*, 488 U.S. 563, 574 (1989). Prosecutorial vindictiveness does not fall within those two narrow exceptions to waiver. He does not allege that he received incompetent advice in relation to his decision to enter a no contest plea, merely that his trial counsel failed to file a motion before the plea was entered. As the Wisconsin Court of Appeals previously noted, Cameron's prosecutorial vindictiveness claim is simply barred by his prior no contest plea.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Stay, ECF No. 8, is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for a writ of habeas corpus under 28 U.S.C. §2254, ECF No. 1, is **DENIED with prejudice**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED** because the Court does not find that any reasonable jurist could debate whether the petition should have been resolved in a different matter. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Milwaukee, Wisconsin on November 4, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge